UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE


JOSE CRISTOBAL CARDONA,                    )
                                           )
         Plaintiff,                        )      Civil Action No. 7:15-CV-125-KKC
                                           )
V.                                         )
                                           )
FEDERAL BUREAU OF PRISONS, *et al.*,       )      **MEMORANDMUM OPINION**
                                           )           **AND ORDER**
         Defendants.                       )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jose Cristobal Cardona is an inmate confined by Bureau of Prisons ("BOP")

at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky.  Cardona has

filed a *pro se* civil rights complaint [R. 1; as amended at R. 11] in which he asserts

constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens*

*v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Cardona has previously

been granted *in forma pauperis* status in this proceeding.  *See* R. 13.[1]

The Court conducts a preliminary review of Cardona's *Bivens* complaint because he

asserts claims against government officials, and because he has been granted *in forma*

*pauperis* status in this action.  28 U.S.C. §§ 1915(e)(2); 1915A.  In such cases, a district

court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is

---

[1] The Court has confirmed that on August 8, 2016, Cardona paid the assessed $29.68 initial
partial filing fee assessed in that same Order.  As of November 10, 2016, the remaining balance
due on the assessed $350.00 filing fee is $320.32

immune from such relief.  *Id.*  Because he is proceeding without any attorney, the Court liberally construes Cardona's claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ALLEGATIONS OF THE COMPLAINT

In his original complaint [R. 1, ¶ 28], and Amended Complaint [R. 11], Cardona alleged that in August 2014, Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, to provide medical treatment for Hepatitis "C", which caused him to suffer stomach pain and other adverse medical effects.  *See* R. 1; ¶ 28; R. 11, pp. 2-3, ¶¶ 6-13.  In both his original and amended complaints, Cardona further alleged Slone's "Bonding Company"—an unidentified entity--is liable for Slone's alleged acts or omissions with respect to the denial of his medical needs.  He names an "Unknown "Bonding Company" as defendant to this *Bivens* action.  Cardona seeks unspecified compensatory and punitive damages from Defendant "S." Slone and her "Unknown Bonding Company;" an order requiring Slone to provide him with medication for his Hepatitis "C' condition; and all other relief to which he may be entitled.  [R. 11, p. 3]  Cardona's allegations of deliberate indifference to his serious medical needs fall under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment.

## DISCUSSION

Having reviewed Cardona's complaint and amended complaint, the Court will require Defendant "S." Slone, Health Administrator at USP-Big Sandy, in her *individual* capacity, to respond to Cardona's Eighth Amendment *Bivens* claims alleging deliberate indifference to

his serious medical needs set forth in his original and amended complaints.   Cardona's

Eighth Amendment claims asserted against Slone in her *official* capacity, will, however, be

dismissed with prejudice for failure to state a claim upon which relief can be granted, *see* 28

U.S.C. § 1915(e)(2)(ii), because a *Bivens* claim alleging a constitutional violation may not be

asserted against federal officers in their *official* capacities; such claims may only be asserted

against a federal officials in their *individual* capacities.   *Meyer*, 510 U.S. at 484-86; *Okoro*,

63 F. App'x at 184 (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991)); *Blakely v.

United States*, 276 F.3d 853, 870 (6th Cir. 2002) (federal employees sued in their official

capacity are immune from suit unless sovereign immunity has been expressly waived).

Cardona, a seasoned prisoner litigator, creatively alleges that an unidentified

"Bonding Company" is vicariously liable for Slone's alleged acts, omissions, and

constitutional violations.   No such "Unknown Bonding Company" exists; Slone is a federal

official employed in an administrative capacity at a federal prison, which means that she

works for the BOP, and hence, for the United States of America.   The Court construes

Cardona's claims against the defendant "Unknown Bonding Company" as an Eighth

Amendment *Bivens* claim for damages against the United States of America and/or the BOP.

That construed claim will be dismissed because a federal civil rights action can be

brought only against individual federal officials, not against the United States or its agencies.

*Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992); *Fed. Deposit Ins. Corp. v. Meyer*,

510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (a *Bivens* claim may not be

brought against a federal agency); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

Indeed, the United States is immune from suit unless sovereign immunity has been waived.

*United States v. Dalm*, 494 U.S. 596, 608 (1990); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States cannot be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

A waiver of sovereign immunity must be clear and unequivocally expressed. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. Nordic Village Inc*., 503 U.S. 30, 33–34 (1992). It has long been established that the United States has not waived its immunity to suits asserting *Bivens* claims. *Lundstrum v. Lyng*, 954 F.2d 1142, 1146 (6th Cir.1991) (per curiam) ("A *Bivens* action may not be maintained against the United States."); *Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("*Bivens* claims against the United States are barred by sovereign immunity. The United States has not waived its immunity to suit in a *Bivens* action.") (citation omitted). Cardona's claims seeking monetary damages from the United States and the BOP will be dismissed with prejudice because these substituted defendants are immune from such claims. 28 U.S.C. § 1915(e)(2)(iii).

In summary, Cardona's construed Eighth Amendment *Bivens* claims seeking damages from the United States of America and/or the Bureau of Prisons ("BOP") will be dismissed with prejudice at this stage of the proceeding (preliminary review), because the United States and the BOP are immune from such claims. 28 U.S.C. § 1915(e)(2)(iii). The Clerk of the Court will be directed to terminate the "Unknown Bonding Company" as a defendant to this action, and to substitute "the United States of America" and the BOP in its place. The Court will dismiss **with prejudice** Cardona's construed Eighth Amendment *Bivens* claims against

the United States, the BOP, and Defendant "S." Slone, in her *official* capacity, but will direct the United States Marshals Service ("USMS") for the Eastern District of Kentucky to serve Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy (in her *individual* capacity), with the summons, complaint, amended complaint and other necessary documents on Cardona's behalf, in accordance with the instructions set forth below.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.    The Clerk of the Court shall **TERMINATE**, on the CM/ECF cover sheet, the "Unknown Bonding Company" as a defendant to this proceeding, and shall **SUBSTITUTE** "the United States of America" and the BOP, in place of the "Unknown Bonding Company."

2.    Plaintiff Jose Cristobal's construed Eighth Amendment deliberate indifference claims against the substituted defendants, the United States of America and the BOP, are **DISMISSED WITH PREJUDICE**, because the United States and the BOP are immune from claims for damages based upon alleged constitutional violations.   28 U.S.C. § 1915(e)(2)(iii).

3.    Cardona's Eighth Amendment deliberate indifference claims asserted against Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, in her *official* capacity, are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(ii).

4.    Cardona's Eighth Amendment *Bivens* claims against Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, in her *individual* capacity, shall

proceed, and Slone must respond to the claims asserted in Cardona's complaint [R. 1, ¶ 28] and amended complaint [R. 11].

5.      A Deputy Clerk in the Pikeville Clerk's Office shall prepare a "Service Packet" for Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, and the Service Packet shall include:

> (a)      a completed summons form;
> (b)      the Complaint [R. 1] and all attachments thereto;
> (c)      the Amended Complaint [R. 11] and all attachments thereto;
> (d)      the Orders entered as R. 7 (May 6, 2016) and R. 13 (June 13, 2016)
> (e)      this Order; and
> (f)      a completed USM Form 285.

6.      The Pikeville Deputy Clerk shall send the Service Packet to the USMS in Lexington, Kentucky.

7.      The USMS shall serve Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, by:

(a).    Sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

(b).    Sending a Service Packet for Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; or

(c).     Personally serving Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, with a Service Packet through arrangement with the BOP.

8.     The USMS is responsible for ensuring that Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, is successfully served with process.  In the event that an attempt at service upon her is unsuccessful, the USMS shall make further attempts and shall ascertain such information as is necessary to ensure successful service

9.     Within 40 days of the date of entry of this Order, the USMS Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy.

(a).     If  Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy is served by certified mail, the Service Report shall include:

(1).     a copy of the green card showing proof of service; or

(2).     a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(b).     If Defendant "S." Slone, Administrator of Health Services at USP-Big Sandy, is personally served, the Service Report shall indicate:

(1).     that Slone was successfully served **personally**, or

(2).     a statement explaining why Slone could not be served and what efforts are being taken to locate the defendant and accomplish personal service on her.

10.     Cardona must immediately advise the Pikeville Clerk's Office of any change in his current mailing address.  Failure to do so may result in dismissal of this case.  Cardona must communicate with the Court solely through notices or motions filed with the Pikeville

Clerk's Office.  **The Court will disregard correspondence sent directly to the undersigned's chambers**.

11.      **With every notice or motion filed with the Court, Cardona must (a) mail a copy to each defendant (or his or her attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to each defendant (or his or her attorney) and the date on which this was done.  The Court will disregard any notice or motion which does not include this certification**.

Dated December 19, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY