UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JOSE CRISTOBAL CARDONA,

    Plaintiff,

V.

S. SLONE,

    Defendant.

Civil Action No. 7: 15-125-KKC

**MEMORANDUM OPINION & ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jose Cristobal Cardona is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky. Proceeding without an attorney, Cardona filed an Amended Complaint [R. 11] against Defendant Sherry Slone, USP-Big Sandy's Health Service Administrator ("HSA"), in which he asserts constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Cardona has previously been granted *in forma pauperis* status in this proceeding. [R. 13].

Defendant Slone has now filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [R. 23]. Cardona has filed a Response [R. 25] and Slone has filed a Reply [R. 26]. Thus, this matter is fully briefed and ripe for review.

**I.    Factual and Procedural Background**

In his Amended Complaint, Cardona alleges that, since he arrived at USP-Big Sandy, Slone has refused to provide him medical treatment for his Hepatitis C, which has caused him pain on his stomach and side. [R. 11, Amended Complaint at ¶¶ 11, 12]. Cardona further alleges that Slone's failure to provide him medical treatment is a violation of the Eight Amendment's

prohibition against cruel and unusual punishment. [*Id*. at ¶ 14]. Based on these allegations, Cardona seeks an injunction requiring Slone to arrange for Cardona to be provided with his medication, as well as an award of compensatory and punitive damages. [*Id*. at p. 3]. Although Cardona originally brought a variety of claims against multiple other parties [R. 1, 11], these claims have previously been dismissed or severed from this case. [R. 7, 17]. Thus, Cardona's Eighth Amendment *Bivens* claim against Slone is the only claim remaining in this case. [R. 17].

**II. Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Here, however, Slone moved both to dismiss and for summary judgment, attaching and relying upon declarations extrinsic to the pleadings in support of her motion. [R. 23]. Thus, the Court will treat Slone's motion to dismiss the complaint as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010). *See also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (where defendant moves both to dismiss and for summary judgment, plaintiff is on notice that summary judgment is being requested, and the court's consideration as such is appropriate where the nonmovant submits documents and affidavits in opposition to summary judgment).

A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F. 3d 580, 588 (6th Cir. 2014).

The Court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F. 3d 571, 575 (6th Cir. 2005). If the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F. 3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F. 2d 1439, 1444 (6th Cir. 1993).

**III.    Analysis**

**A.    Cardona's Failure to Exhaust His Administrative Remedies**

As a preliminary matter, the Motion and supporting materials submitted by Slone [R. 23] establish that Cardona did not properly and timely exhaust his administrative remedies as required by federal law. Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to

3

challenge the manner in which his criminal sentence is being carried out under federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Requiring exhaustion of remedies available within the agency whose actions are being challenged preserves the agency's administrative authority by providing the agency with "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prospective litigant must present their claim for relief in such a manner to "give the agency a fair and full opportunity to adjudicate their claims..." *Id*. at 90.

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. §§ 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16. Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...," *Woodford*, 548 U.S. at 90, the prisoner must file the initial grievance and any appeals within these time frames.

The Sixth Circuit has made clear that a prisoner must take each of these steps and complete the entire prison grievance process before filing suit:

> While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed. The plain language of the statute makes exhaustion a precondition to filing an action in federal court...The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted).

4

However, while Cardona has previously pursued an administrative remedy with respect to his medical treatment at another BOP institution, he has not done so with respect to his medical treatment at USP-Big Sandy. On February 12, 2014, while Cardona was housed at the United States Penitentiary, Allenwood ('USP-Allenwood") in Allenwood, Pennsylvania, Cardona filed an Informal Resolution Form (BP-8) at UPS-Allenwood complaining that, although he had signed a consent for Hepatitis C treatment on November 15, 2013, and had been cleared for the Hepatitis C treatment, he had not received medical treatment for his Hepatitis C. [R. 23-2, Martinez Decl., Attachment D at p. 206]. On February 20, 2014, a medical officer at USP-Allenwood responded to Cardona's BP-8, explaining that Cardona's medical file had been reviewed and, at that time, he did not meet the criteria for hepatitis treatment based on the BOP's current guidelines for the treatment of Hepatitis C. [*Id*. at p. 207]. Cardona then pursued this administrative claim by filing a Request for Administrative Remedy (BP-9) with the Warden at USP-Allenwood [*id*. at p. 208-209], followed by a Regional Administrative Remedy Appeal (BP-10) to the North-East Regional Office ("NERO"), the regional office for USP-Allenwood, [*id*. at p. 211], as well as an appeal to the General Counsel (BP-11), re-alleging Cardona's assertion that there was a conspiracy to deny Cardona Hepatitis C treatment at USP-Allenwood in retaliation for filing grievances. [*Id*. at p. 213].

This February 20, 2014 claim involved only allegations regarding Cardona's treatment at another BOP facility, involved different medical providers, and occurred prior to Cardona's transfer to USP-Big Sandy in August 2014. To properly exhaust a claim, an inmate must identify the issue with sufficient particularity to permit prison officials with a reasonable opportunity to address it. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court addressed the question of "how courts determine whether a prisoner

5

has properly exhausted administrative remedies - specifically, the level of detail required in a grievance to put the prison and individual officials on notice of the claim." *Id*. at 205. Citing *Woodford*, the Court held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

Here, the Court must turn to the BOP's Administrative Remedy Program, the program through which inmates may seek formal review of issues related to any aspect of their confinement, to determine whether Cardona has exhausted his administrative claim. Although the BOP does not require that a particular defendant being sued also be named in earlier grievances, it does require an inmate to "place a single complaint or a reasonable number of closely related issues" on a single form, explaining that this "facilities indexing, and promotes efficient, timely and comprehensive attention to the issues raised." BOP Program Statement 1330.018, Administrative Remedy Program [R. 23-2, Martinez Decl., Attachment D at p. 220].

In this case, at each step of the administrative process of Cardona's February 12, 2014 claim, Cardona's allegations only related to his Hepatitis C treatment at USP-Allenwood. At no point throughout the process related to this administrative claim did Cardona make any references to treatment he did or did not receive at USP-Big Sandy, nor could he have, as he had not yet been transferred to USP-Big Sandy when he filed this claim. Thus, the only claims investigated and addressed in Cardona's February 12, 2014 claim, were against USP-Allenwood, not against USP-Big Sandy or Slone. Moreover, those allegations all involved conduct that occurred prior to Cardona's transfer to USP-Big Sandy in August 2014. [R. 11]. Notably, as of February 7, 2017, Cardona has filed over 350 Administrative Remedies while he has been housed in the BOP [R. 23-2, Martinez Decl. at ¶ 5], thus he cannot claim ignorance of how to do so with respect to his

6

treatment at USP-Big Sandy. Regardless, while Cardona may have pursued his administrative remedies with respect to his Hepatitis C treatment at USP-Allenwood, he has not pursued, much less exhausted, any administrative remedies with respect to his allegations made in this case regarding his Hepatitis C treatment at USP-Big Sandy.

In his response, with respect to the exhaustion of his available administrative remedies, Cardona argues that "[t]he defendant is wrong," without further explanation. [R. 25 at p. 2]. The Court has an obligation to liberally construe pleadings filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Cardona also argues that the provisions of the PLRA do not apply to him because he is "actually a Mexican Slave" and the PLRA does not apply to "an individual subjected to involuntary servitude." [*Id*. at 1-2]. The Sixth Circuit Court of Appeals has previously considered and rejected Cardona's argument that he is currently being subject to "involuntary servitude." *Cardona v. Warden, Big Sandy U.S.P.*, No. 16-6524 (6th Cir. Mar. 21, 2017). Even so, without question, Cardona is a "prisoner confined in [a] jail, prison, or other correctional facility," 42 U.S.C. § 1997e(a), thus he must comply with the requirements of the PLRA prior to filing a lawsuit.

Because it is clear that Cardona failed to file any grievance with respect to his treatment as USP-Big Sandy prior to filing his Complaint in this action, let alone pursue his available appeals to completion, he did not satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing his complaint, which must therefore be dismissed. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest

possible administrative level, does not exhaust available administrative remedies.") (citing *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

## B.  Cardona's Complaint is Untimely

In addition, Cardona's claim must be dismissed with prejudice because he did not file suit within the time permitted by the applicable statute of limitations, thus it is time-barred. According to Cardona, he was transferred from USP-Allenwood to USP-Big Sandy in August of 2014. [R. 11, Amended Complaint at ¶ 9]. He further alleges that "[u]pon arrival at USP-Big Sandy," he requested medication for his Hepatitis C during a teleconference with an unknown doctor and was told that Slone would attend to his infectious disease. [*Id*. at ¶ 10]. He then claims that, although Slone scheduled him for bloodwork, she refused and ignored his request for medication. [*Id*. at ¶ 11]. Although an exact date is not given, Cardona alleges that his allegedly deficient medical care began "upon his arrival to USP-Big Sandy" in August 2014. [*Id*. at ¶ 10-12].

Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The medical care about which Cardona now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). The Kentucky-related medical care which forms the basis for this severed action began upon Cardona's arrival to USP-Big Sandy in August 2014. [R. 11 at ¶ 10-12]. As Cardona alleges that his requests for Hepatitis C treatment were refused beginning in August 2014, his claim accrued at this time. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has

8

been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because Cardona did not file suit until December 7, 2015, more than one year after the date his claims accrued, his claim is barred by the applicable statute of limitations and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

In his response, Cardona does not deny that he filed his lawsuit more than one year after he became aware of his injury. [R. 25]. Rather, he argues that his claim falls under the "continuing violation" doctrine. [*Id*. at p. 3]. Cardona also argues that he has "been real busy attempting to litigate all my civil and criminal litigation pro-se" and argues that he should be entitled to equitable tolling on these grounds. [R. 25-1 at ¶ 12].

Cardona makes absolutely no effort to explain or develop his arguments that his claim falls under the "continuing violation" doctrine or that he is entitled to equitable tolling, thus waiving these arguments. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995) (citation omitted)) (other citations omitted).

Even so, Cardona's argument that the date of accrual of his claim should be extended pursuant to the "continuing violation" doctrine is without merit. The Sixth Circuit Court of Appeals summarized the test for determining the existence of a continuing violation as follows:

> First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern....Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff [ ] must have been avoidable if the defendants had at any time ceased their wrongful conduct.

9

*Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (quoting *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999) (other citations omitted)). The Sixth Circuit further explained that a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.* (quoting *Tolbert*, 172 F.3d at 940). Notably, "[p]assive inaction does not support a continuing violation theory." *Id.* (citations omitted).

Here, Cardona alleges only that Slone "ignores" his requests for medication and is "never available." [R. 11 at ¶¶ 11-12]. Thus, his allegations describe "passive inaction" as opposed to discrete, continual unlawful acts and, accordingly, are insufficient to establish the existence of a continuing violation sufficient to invoke the continuing violation doctrine.

Moreover, Cardona has failed to establish the presence of any circumstances that would justify tolling the statute of limitations applicable to his claims on equitable grounds. Although the running of the applicable statute of limitations may be tolled for the period during which a prisoner is exhausting the available administrative remedies, *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Cardona did not pursue any administrative remedies with respect to his Eighth Amendment *Bivens* claim regarding his medical treatment at USP-Big Sandy by Slone. Thus, the statute of limitations on Cardona's claims is not tolled on these grounds.

In addition, the doctrine of equitable tolling applies sparingly and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir.2000)). Equitable tolling applies only if two requirements are met. "First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary

circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Neither of these requirements are met here. Cardona offers only that he has been "real busy" attempting to manage all of his civil and criminal litigation *pro se*. "It is well settled that the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers, lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling." *Portman v. Wilson*, No. 10-cv-169-KSF, 2010 WL 4962922 at *2 (E.D. Ky., December 1, 2010) (citations omitted). Thus, equitable tolling of the statute of limitations is not justified in this case.

### C. Cardona's Eighth Amendment Claim Fails

Finally, even putting aside Cardona's failure to exhaust his administrative remedies and the untimeliness of his claim, Cardona fails to state a viable claim for violation of the Eighth Amendment. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff asserting deliberate indifference to his serious medical needs must establish both the objective and subjective components of such a claim. *Jones v. Muskegon Co.*, 625 F. 3d 935, 941 (6th Cir. 2010). The objective component requires the plaintiff to show that the medical condition is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), such as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F. 3d 510, 518 (6th Cir. 2008) (citations omitted). The subjective component requires the plaintiff to show that prison officials actually knew of a substantial risk of

11

harm to the plaintiff's health but consciously disregarded it. *Cooper v. County of Washtenaw*, 222 F. App'x 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F. 3d 125, 128 (6th Cir. 1994).

Even assuming that Cardona could satisfy the objective component, the subjective component requires a showing that his health care providers were aware of his medical conditions yet, through their actions, chose to consciously and deliberately disregard a serious risk to his health, a much more demanding standard. *Farmer*, 511 U.S. at 834; *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'") (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)).

Here, Cardona complains that Slone failed to treat his Hepatitis C with medication, as he requested. [R. 11]. However, the medical evidence submitted by Slone establishes that, since Cardona has been housed at USP-Big Sandy, he has been regularly examined, tested and monitored through the Chronic Care Clinics for his Hepatitis C condition. [R. 23-1, Dr. Marrero Decl. at ¶ 4, Medical Records]. Cardona's condition has been evaluated and managed and he has been found to be stable with no significant symptoms or signs requiring the initiation of treatment. [*Id.*]. Slone has submitted evidence that, in determining not to provide treatment for Cardona's Hepatitis C, the medical personnel reviewed test results, BOP policy guidelines, American Association for the Study of Liver Diseases, the Infectious Diseases Society of America and International Antiviral Society-USA guidance and updates, and determined that Cardona is not a candidate for treatment. [R. 23-1, Dr. Marrero Decl. at ¶ 5, Attachment C].

In contrast, Cardona offers only his opinion that he believes that he should be receiving medication for his condition and that Slone's denial of this medication constitutes deliberate indifference to his medical needs. [R. 11]. However, the extensive history of medical testing and

evaluation submitted by Slone is sufficient to refute this claim, even if Cardona disagrees with his treating physician's conclusion that his symptoms did not support treatment of his condition. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.")

Simply put, the facts here are insufficient to support a claim of deliberate indifference to Cardona's health. Where a prisoner has been examined and treatment provided but the prisoner merely disagrees with the course of care determined by his treating physician in the exercise of his medical judgment, his claim sounds in state tort law – it does not state a viable claim of deliberate indifference under the Eighth Amendment. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). *See also Durham v. Nu'Man*, 97 F. 3d 862, 868-69 (6th Cir. 1996). Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001). A prisoner's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011) (citing *Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)); see also *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.").

In sum, Cardona's disagreement with his treating physicians regarding the best course of treatment is insufficient to state a claim of deliberate indifference under the Eighth Amendment. Thus, Cardona's Amended Complaint fails to state a claim for violation of the Eighth Amendment.

## IV. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Defendant S. Slone's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [R. 23] is **GRANTED**.

2. Cardona's Amended Complaint [R. 11] is **DISMISSED**.

3. All pending motions in this case are **DENIED AS MOOT**.

4. This action is **STRICKEN** from the Court's active docket.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated September 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY